IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEPHAN PAUL TORRES,

      Plaintiff,

vs.                                                                                   Civ. No. 02-1191 JP/LFG

GARY E. JOHNSON, Governor of New Mexico,
ROBERT J. PERRY, Secretary of Corrections,
JOHN SHANKS, Director of Adult Prisons,
JERRY TAFOYA, Deputy Corrections Secretary,
JEFF SERNA, Interstate Compact Coordinator,

and

WACKENHUT CORRECTIONS CORP.,
WAYNE CALABRESE, President of WCC,
ELOY MONDRAGON, LCCF, former Warden,
RALPH LUCERO, former Security Assoc. Warden,

and

RONALD ANGELONE, former Virginia Corrections Director,
STANLEY K. YOUNG, Wallens Ridge State Prison Warden,
OFFICERS MULLINS, COCHRANE, THOMPSON, and KISER,
Wallens Ridge Corrections Officers,

      Defendants.

MEMORANDUM OPINION AND ORDER

On December 31, 2002, Defendants Wackenhut Corrections Corporation, Wayne

Calabrese, Eloy Mondragon, and Ralph Lucero (Wackenhut Defendants) filed a Motion to

Dismiss No. I:  Dismissal of All Federal Constitutional, State Constitutional, Statutory, and Tort

Claims (Doc. No. 14).  The Plaintiff did not file a response to the motion to dismiss within the

time permitted by the rules of this Court.  D.N.M. LR-Cv 7.6(a).  The Plaintiff's failure to file a

response opposing the motion to dismiss is deemed to be consent to the granting of the motion.

D.N.M. LR-Cv 7.1(b).

The Wackenhut Defendants are also entitled to the granting of their motion to dismiss as an appropriate sanction in accordance with *Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988). The Court makes the following findings in accordance with *Meade*:

    1.  the Wackenhut Defendants have been prejudiced by the failure of the Plaintiff to respond to their motion to dismiss because they incurred the expense of the filing of the motion and supporting brief;

    2.  Plaintiff has interfered with the judicial process first by not filing a response in opposition to the motion to dismiss within the time permitted by the rules of this Court and second by failing to file a response any time to date; and

    3.  Plaintiff has provided no explanation, whatsoever, for his failure to file any response to the motion to dismiss which was filed approximately two and a half months ago.

These aggravating factors outweigh the normal predisposition to resolve claims on their merits and justify the dismissal of Plaintiff's claims against the Wackenhut Defendants with prejudice as an appropriate sanction.

The Wackenhut Defendants' motion to dismiss the Plaintiff's claims should be granted on the basis of the deemed consent of the Plaintiff and as a sanction for the Plaintiff's failure to prosecute his claims against the Wackenhut Defendants.  However, since the Court is not granting the Wackenhut Defendants' motion to dismiss on the merits, the Court will deny the Wackenhut Defendants' request for an award of attorney's fees and costs.

IT IS ORDERED that:

1.  the Wackenhut Defendants' Motion to Dismiss No. I:  Dismissal of All Federal Constitutional, State Constitutional, Statutory, and Tort Claims (Doc. No. 14) is granted in part;

2.  the Plaintiff's claims against the Wackenhut Defendants will be dismissed with prejudice; and

3.  the Wackenhut Defendants' request for attorney's fees and costs is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE