IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEPHAN PAUL TORRES,

      Plaintiff,

vs.                                             Civ. No. 02-1191 JP/LFG

GARY E. JOHNSON, Governor of New Mexico,
ROBERT J. PERRY, Secretary of Corrections,
JOHN SHANKS, Director of Adult Prisons,
JERRY TAFOYA, Deputy Corrections Secretary,
JEFF SERNA, Interstate Compact Coordinator,

and

WACKENHUT CORRECTIONS CORP.,
WAYNE CALABRESE, President of WCC,
ELOY MONDRAGON, LCCF, former Warden,
RALPH LUCERO, former Security Assoc. Warden,

and

RONALD ANGELONE, former Virginia Corrections Director,
STANLEY K. YOUNG, Wallens Ridge State Prison Warden,
OFFICERS MULLINS, COCHRANE, THOMPSON, and KISER,
Wallens Ridge Corrections Officers,

      Defendants.

MEMORANDUM OPINION AND ORDER
AND ORDER TO SHOW CAUSE

      On December 19, 2002, the Court granted the State Defendants' Motion to Dismiss No. I:

Dismissal of All Federal Constitutional Claims on the Basis of Qualified Immunity and All State

Constitutional and Statutory Claims (Doc. No. 5) under D.N.M. LR-Cv 7.1(b), because the

Plaintiff failed to respond to the motion to dismiss.  Memorandum Opinion and Order (Doc. No.

12); Order Dismissing Claims Against State Defendants (Doc. No. 13).  Consequently, the Court

dismissed with prejudice the claims against the State Defendants and granted the State

Defendants' request for an award of attorney's fees and costs.

On December 30, 2002, the Plaintiff filed a Motion and Memorandum for Reconsideration

and Reinstatement of Claims (Doc. No. 16).  In this motion, the Plaintiff requests the Court to

reconsider its decision dismissing the claims against the State Defendants and awarding attorney's

fees and costs to the State Defendants.  On December 31, 2002, the State Defendants' filed their

Application for Attorney's Fees and Costs as Ordered by the Court in its Memorandum Opinion

and Order *[Docket No. 12]* (Doc. No. 15).  Having reviewed the briefs and relevant law, the

Court finds that the motion to reconsider should be denied as to the dismissal of the claims against

the State Defendants.  The Court also finds that the portion of the December 19, 2002

Memorandum Opinion and Order granting the State Defendants attorney's fees and costs should

be set aside.  Instead, the Court will order the Plaintiff and his attorney Paul Livingston to show

cause why the State Defendants should not be awarded the attorney's fees and costs they incurred

in filing their Motion to Dismiss No. I:  Dismissal of All Federal Constitutional Claims on the

Basis of Qualified Immunity and All State Constitutional and Statutory Claims (Doc. No. 5)

against both Plaintiff and Paul Livingston.

Discussion

The Plaintiff did not file a response to the motion to dismiss within the time permitted by

the rules of this Court.  D.N.M. LR-Cv 7.6(a).  The Plaintiff's failure to file a response opposing

the State Defendants' motion to dismiss is deemed to be consent to the granting of the motion.

D.N.M. LR-Cv 7.1(b).  Nonetheless, having reviewed the motion to dismiss and the supporting

memorandum, the Court concludes that the Plaintiff's claims against the State Defendants fail to

state a claim upon which relief can be granted.  Consequently, the claims against the State Defendants are subject to dismissal under Rule 12(b)(6) and the motion to dismiss will also be granted on its merits.

The State Defendants are also entitled to the granting of their motion to dismiss as an appropriate sanction in accordance with *Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988).  The Court makes the following findings in accordance with *Meade*:

1.  the State Defendants have been prejudiced by the failure of the Plaintiff to respond to their motion to dismiss because they incurred the expense of the filing of the motion and supporting brief;

2.  Plaintiff has interfered with the judicial process first by not filing a response in opposition to the motion to dismiss within the time permitted by the rules of this Court and second by failing to file a response any time to date; and

3.  Plaintiff has provided no adequate explanation for his failure to file any response to the motion to dismiss.

These aggravating factors outweigh the normal predisposition to resolve claims on their merits and justify the dismissal of Plaintiff's claims against the State Defendants with prejudice as an appropriate sanction.

Conclusion

The State Defendants' motion to dismiss should be granted on the basis of the deemed consent of the Plaintiff, on the merits, and as a sanction for the Plaintiff's failure to prosecute his claims against the State Defendants.  Attorney's fees and costs, however, should not be awarded at this time.  Instead, the Plaintiff and his attorney Paul Livingston will be required to show cause

why the State Defendants should not be awarded attorney's fees and costs against Plaintiff and his attorney Paul Livingston.

IT IS ORDERED that:

1.  Plaintiff's Motion and Memorandum for Reconsideration and Reinstatement of Claims (Doc. No. 16) is denied as to the dismissal of the claims against the State Defendants;

2.  the portion of the December 19, 2002 Memorandum Opinion and Order granting the State Defendants attorney's fees and costs is set aside; and

3.  The Plaintiff and his attorney Paul Livingston have until April 10, 2003 to file a written response showing cause why the State Defendants should not be awarded the attorney's fees and costs they incurred in filing their Motion to Dismiss No. I:  Dismissal of All Federal Constitutional Claims on the Basis of Qualified Immunity and All State Constitutional and Statutory Claims (Doc. No. 5) against Plaintiff and his attorney Paul Livingston; and

4.  Plaintiff and his attorney Paul Livingston are notified that attorney's fees and costs will be assessed against them if they fail to timely respond to this Order to Show Cause.


_____
CHIEF UNITED STATES DISTRICT JUDGE