IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEPHAN PAUL TORRES,

    Plaintiff,

vs.                                                                            Civ. No. 02-1191 JP/LFG

RONALD ANGELONE, former Virginia Corrections Director,
STANLEY K. YOUNG, Wallens Ridge State Prison Warden,
OFFICERS MULLINS, COCHRANE, THOMPSON, and KISER,
Wallens Ridge Corrections Officers,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On December 19, 2002, the Court granted the State Defendants' Motion to Dismiss No. I: Dismissal of All Federal Constitutional Claims on the Basis of Qualified Immunity and All State Constitutional and Statutory Claims (Doc. No. 5)(Motion to Dismiss No. I) under D.N.M. LR-Cv 7.1(b), because the Plaintiff failed to respond to the motion to dismiss.  Memorandum Opinion and Order (Doc. No. 12); Order Dismissing Claims Against State Defendants (Doc. No. 13). Consequently, the Court dismissed with prejudice the claims against the State Defendants and granted the State Defendants' request for an award of attorney's fees and costs.

On December 30, 2002, the Plaintiff filed a Motion and Memorandum for Reconsideration and Reinstatement of Claims (Doc. No. 16).  In this motion, the Plaintiff requested that the Court reconsider its decision dismissing the claims against the State Defendants and awarding attorney's fees and costs to the State Defendants.  On December 31, 2002, the State Defendants' filed their Application for Attorney's Fees and Costs as Ordered by the Court in its Memorandum Opinion and Order *[Docket No. 12]* (Doc. No. 15).

On March 19, 2003, the Court denied the Plaintiff's motion for reconsideration as to the dismissal of the claims against the State Defendants and set aside the portion of the December 19,

2002 Memorandum Opinion and Order granting the State Defendants attorney's fees and costs. Memorandum Opinion and Order and Order to Show Cause (Doc. No. 24). The Court also ordered the Plaintiff and his attorney Paul Livingston to file a written response showing cause why the State Defendants should not be awarded the attorney's fees and costs they incurred in filing their Motion to Dismiss No. I. *Id.* On April 11, 2003, the Plaintiff timely filed Plaintiff's Response to Court's Order to Show Cause (Doc. No. 25). Having reviewed the briefs and relevant law concerning the March 19, 2003 order to show cause, the Court finds that the Plaintiff and his attorney Paul Livingston have failed to show cause why the State Defendants should not be awarded the attorney's fees and costs they incurred in filing their Motion to Dismiss No. I. Attorney's fees and costs and applicable gross receipts taxes in the total amount of $3,682.03 will be awarded against Plaintiff and his attorney Paul Livingston and they must pay this award to the State Defendants no later than May 20, 2003.

Discussion

As an initial matter, the Court notes that the Plaintiff apparently did not comply with D.N.M. LR-Cv 10.5 when he filed his response to the order to show cause. Local Rule 10.5 states that exhibits "must not exceed fifty (50) pages unless all parties agree otherwise." The exhibit attached to the Plaintiff's response to the order to show cause exceeds fifty pages and there is no indication that all of the parties agreed to an expansion of the exhibit page limitation. Moreover, the Plaintiff did not comply with D.N.M. LR-Cv 10.6 which requires exhibits to be highlighted.

The Plaintiff makes several arguments to support his contention that he has shown cause as required by the March 19, 2003 order to show cause. First, the Plaintiff argues that the Court improperly ordered *sua sponte* that the Plaintiff pay attorney's fees and costs to the State Defendants for the Plaintiff's failure to respond to the Motion to Dismiss No. I. This argument is incorrect. The Court did not *sua sponte* order an award of attorney's fees and costs. The State Defendants requested an award of attorney's fees and costs in their Motion to Dismiss No. I, a motion to which the Plaintiff

2

did not respond, and the Court granted the State Defendants' written request.

Second, the Plaintiff argues that the Court failed to make the appropriate findings under *Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988) before sanctioning the Plaintiff for his failure to respond to the State Defendants' Motion to Dismiss No. I. This argument is likewise incorrect. The Court made the appropriate findings under *Meade v. Grubbs* in the March 19, 2003 Memorandum Opinion and Order and Order to Show Cause at page 3 before sanctioning the Plaintiff by dismissing his claims against the State Defendants with prejudice.

Third, the Plaintiff argues that the Court improperly dismissed his claims against the State Defendants without considering the merits of those claims. This argument is also wrong. The Court considered the merits of the Plaintiff's claims against the State Defendants in the March 19, 2003 Memorandum Opinion and Order and Order to Show Cause at 2-3. The Court found that the Plaintiff's allegations against the State Defendants failed to state a claim upon which relief can be granted and that Plaintiff's claims were, therefore, subject to dismissal under Fed. R. Civ. 12(b)(6).

The State Defendants have requested an award of $4,588.50 for attorney's fees based on 39.90 hours of attorney's time devoted to legal research and preparation of the motion to dismiss and supporting memorandum at an hourly rate of $115.00. The attorney who performed these services is a very experienced, competent, capable lawyer in the defense of cases of this nature and the Court finds the requested rate of $115.00 per hour to be quite reasonable. Under the circumstances of this case, the Court finds that 30 hours is a reasonable number of chargeable hours for the services described. Hence, the Court finds that a reasonable attorneys' fee for these services is $3,450.00 (30 hours at a rate of $115.00 per hour) plus applicable gross receipts tax of $200.53.

Further, the Court finds that the total of $31.50 for copy charges involving 210 copies at $.15 per copy is reasonable.

Conclusion

The Court finds that the Plaintiff has failed to show cause why the State Defendants should not be awarded the attorney's fees and costs they incurred in filing the Motion to Dismiss No. I. The Court further finds that $3,682.03 in attorney's fees and costs and applicable gross receipts tax is a reasonable award.

IT IS ORDERED that:

1. the State Defendants' request for attorney's fees and cost made in the Motion to Dismiss No. I (Doc. No. 5) is granted; and

2. the Plaintiff and his attorney Paul Livingston will pay the State Defendants $3,682.03 in attorney's fees and costs and applicable gross receipts tax incurred in the filing of the Motion to Dismiss No. I no later than May 20, 2003.

_____
CHIEF UNITED STATES DISTRICT JUDGE